IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRETT WILLIAMS, *et al.*, § § Plaintiffs, § § v. § § FREEDOM MORTGAGE § CORPORATION, § § Defendant. § § | Civil Action No. 3:22-CV-01973-N |

# **MEMORANDUM OPINION AND ORDER**

This order addresses Defendant Freedom Mortgage Corporation's ("Freedom") motion to dismiss [8] Plaintiffs Brett and Leasa William's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Plaintiffs have failed to plead facts supporting key elements of each of their claims, the Court grants Freedom's motion to dismiss.

## I. PLAINTIFFS' LOAN AGREEMENT WITH FREEDOM

In 2003, Plaintiffs obtained a mortgage loan to finance the purchase of their home. Pls.' Original Pet. ¶¶ 9, 10, Notice of Removal Ex. B-1 [1-2]. Plaintiffs refinanced the loan in 2014 and then further modified it in 2017 after Plaintiff Brett Williams's Chapter 13 bankruptcy. *Id.* ¶¶ 11, 13–14. The modified loan was transferred to Freedom later in 2017. *Id.* ¶ 15. In 2018, additional financial hardships caused Plaintiffs to fall behind on their payments. *Id.* ¶ 17. Plaintiffs allege that Freedom first declined to provide them any relief, but then communicated that their "loss mitigation application was missing documents,"

MEMORANDUM OPINION AND ORDER – PAGE 1

and later that it was "unable to approve [their] request for assistance due to . . . [i]nsufficient time to review." *Id.* ¶¶ 18–20. Plaintiffs admit that they never submitted an application for loss mitigation. *Id.* ¶ 19.

Leasa Williams filed for Chapter 13 bankruptcy in 2019. *Id.* ¶ 21. While that case was pending, Plaintiffs reached out to Freedom again to seek forbearance or loan modification, which Freedom declined. *Id.* ¶¶ 21–22. The bankruptcy case was terminated in March 2022, and in June 2022, Freedom began the foreclosure process. *Id.* ¶¶ 21, 23.

Plaintiffs filed suit in state court in July 2022 alleging that Freedom's conduct constituted breach of contract, violations of federal consumer protection regulations[1] and the Texas Debt Collection Act ("TDCA"),[2] and common law fraud. Original Pet. ¶¶ 30, 33–34, 38, 42. Freedom then removed the case to this Court [1] and moved to dismiss. Plaintiffs did not respond to Freedom's motion.

## II. THE LEGAL STANDARD FOR A RULE 12(B)(6) MOTION TO DISMISS

A district court may not grant a motion to dismiss without considering the merits of the arguments before it solely because the nonmoving party has not responded. *Heisler v. Kean Miller, LLP*, 2021 WL 3852261, at *3 (E.D. La. 2021) (citing *Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012); *Ramsey v. Signal Delivery Service, Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980)). Even when the motion is unopposed, under Rule 12(b)(6), a court must determine whether the plaintiff has asserted a legally sufficient claim for relief.

---

[1] Title 12 of the Code of Federal Regulations, known as Regulation X, implements the Real Estate Settlement Procedures Act ("RESPA"), *codified at* 12 U.S.C. §§ 2601, *et seq.* Plaintiffs invoke 12 C.F.R. § 1024.41, which covers loss mitigation procedures.
[2] Codified at TEX. FIN. CODE § 392.001, *et seq.*

MEMORANDUM OPINION AND ORDER – PAGE 2

*Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pled facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).

### III. PLAINTIFFS HAVE FAILED TO PLEAD KEY ELEMENTS OF EACH CLAIM

#### A. Plaintiffs' Breach of Contract Claim Fails

"Under Texas law, a plaintiff alleging a breach of contract must establish (1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 288 (5th Cir. 2004) (citing *Runge v. Raytheon E–Systems, Inc.*, 57 S.W.3d 562, 565 (Tex. App. — Waco 2001, no pet.)).

Plaintiffs claim that Freedom breached the loan agreement by failing to provide them notice of default and opportunity to cure as specified in the Deed of Trust. Original Pet. ¶ 31. However, Plaintiffs admit that they were in default on their payment obligations, meaning they cannot show that they satisfy the performance element. *Adams v. U.S. Bank, N.A.*, 2017 WL 10296307, at *6 (N.D. Tex. 2017), *rec. adopted*, 2018 WL 4621770 (N.D. Tex. 2018). Further, no foreclosure sale had yet occurred at the time of this motion's filing, Def.'s Br. Supp. Mot. Dismiss ¶ 9 [9] (citing generally Pls.' Original Pet.). In Texas, no

MEMORANDUM OPINION AND ORDER – PAGE 3

damages are recoverable on a breach of contract claim where Plaintiffs have maintained title and continuous possession of the property. *Robinson v. Wells Fargo Bank N.A.*, 2020 WL 7010043, at *3 (N.D. Tex. 2020) (citing *Peoples v. BAC Home Loans Servicing, LP*, 2011 WL 1107211, at *4 (N.D. Tex. 2011)), *rec. adopted*, 2021 WL 77778 (N.D. Tex. 2021). Accordingly, Plaintiffs also have not sufficiently alleged that they satisfy the element of actual damages.

Because Plaintiffs have not established that they satisfy all elements of their breach of contract claim, it is precluded as a matter of law and the Court thus dismisses it.

### B. Plaintiffs' Regulation X Claim Fails

Plaintiffs next assert a claim under 12 C.F.R. § 1024.41's loss mitigation provisions. Section 1024.41 "does not require that the servicer provide the borrower any specific loss mitigation options." *Obazee v. The Bank of N.Y. Mellon*, 2015 WL 4602971, at *2 (N.D. Tex. 2015) (citing 12 C.F.R. § 1024.41(a)). Instead, it specifies procedures and timing for loan servicers when reviewing complete applications and initiating foreclosure. *Obazee*, 2015 WL 4602971, at *2–3 (citing 12 C.F.R. §§ 1024.41(a), (c), (d), (f), (g)).

Section 1024.41's duties "are triggered only if a complete loss mitigation application is submitted or received" by the applicable deadline. *Good v. Prof-2013-s13 Leg. Title Trust IV*, 2019 WL 2617948, at *8 (N.D. Tex. 2019). Plaintiffs admit that they never completed a loss mitigation application, which precludes their RESPA claim. Original Pet. ¶ 19. Further, RESPA claims also require actual damages. 12 U.S.C. § 2605(f)(1)(A); *see also Obazee*, 2015 WL 4602971, at *4 (collecting cases). As with their breach of contract claim, Plaintiffs also cannot show actual damages in the RESPA

MEMORANDUM OPINION AND ORDER – PAGE 4

context based on the threat of foreclosure where no foreclosure has actually occurred. *Rentfrow v. JP Morgan Chase Bank, Nat'l Ass'n*, 2020 WL 1893558, at *5 (S.D. Tex. 2020), *rec. adopted*, 2020 WL 1891848 (S.D. Tex. 2020), (citing *Obazee*, 2015 WL 4602971, at *4). The Court thus dismisses Plaintiffs' RESPA claim for failure to plead facts supporting all required elements.

### C. Plaintiffs' TDCA Claim Fails

The TDCA "prohibits debt collectors from using threats, coercion, or other wrongful practices to collect consumer debts." *Rentfrow*, 2020 WL 1893558, at *5 (citing *Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986)). The elements of a TDCA claim are: "(1) the debt is a consumer debt; (2) the defendant is a debt collector within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the defendant committed the wrongful act against the plaintiff; and (5) the plaintiff was injured by the defendant's wrongful act." *Rentfrow*, 2020 WL 1893558, at *5 (citing *Birchler v. JPMorgan Chase*, 2015 WL 1939438, at *5 (E.D. Tex. 2015); TEX. FIN. CODE §§ 392.001-392.404).

Plaintiffs allege that Freedom violated TDCA provisions that prohibit debt collectors from threatening illegal conduct, threatening to take property without proper judicial proceedings, or making fraudulent representations about the debt owed. Original Pet. ¶ 39 (citing TEX. FIN. CODE §§ 392.301(a)(7), 392.301(a)(8), 392.304(a)(8), 392.304(a)(19)). However, Plaintiffs have not identified any specific misrepresentations that Freedom made about their debt. And threatening to foreclose does not violate the TDCA where the defendant "retained its contractual right to foreclose and the mortgage

MEMORANDUM OPINION AND ORDER – PAGE 5

was in fact in default." *Rentfrow*, 2020 WL 1893558, at *5 (quoting *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 (5th Cir. 2015)) (emphasis omitted). Plaintiffs admit that they were in default on their payment obligations, and Freedom, "as assignee of the Deed of Trust, enjoys a contractual and statutory right to foreclose." *Rentfrow*, 2020 WL 1893558, at *5 (citing TEX. PROP. CODE § 51.002; *Morlock, LLC v. Bank of N.Y.*, 448 S.W.3d 514, 518 (Tex. App. — Houston [1st Dist.] 2014, pet. denied)). Accordingly, Plaintiffs have not sufficiently pled a TDCA violation.

Additionally, to state a TDCA claim, Plaintiffs must also allege actual damages. As with their breach of contract and RESPA claims, Plaintiffs cannot show actual damages in the TDCA context based on the threat of foreclosure where no foreclosure has actually occurred. *Rentfrow*, 2020 WL 189355, at *6 (citing *Naranjo v. Universal Sur. Of Am.*, 679 F. Supp. 2d 787, 801 (S.D. Tex. 2010)); *see also Childress*, 2022 WL 3904675, at *1 (E.D. Tex. 2022).

The Court thus dismisses Plaintiffs' TDCA claim for failure to plead facts supporting all required elements.

### D. Plaintiffs' Common Law Fraud Claim Fails

A Texas common law fraud claim requires: "(1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Johnson v. Wells Fargo Bank, N.A.*, 999 F. Supp. 2d 919, 929 (N.D. Tex. 2014) (quoting *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010)). Plaintiffs contend that Freedom made several misrepresentations: (1) telling

MEMORANDUM OPINION AND ORDER – PAGE 6

them that they could not apply for loss mitigation; (2) processing an application that was never submitted; (3) denying that application for insufficient time to review; (4) failing to inform Plaintiffs of their right to appeal the denial; and (5) posting the property for foreclosure sale without providing details of the amount due. Original Pet. ¶ 43.

First, Rule 9 imposes a heightened pleading requirement on fraud claims, and the complaint must explain why the challenged statements were fraudulent. FED. R. CIV. P. 9(b); *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177–78 (5th Cir. 1997), *cert. denied*, 522 U.S. 966 (1997)). Plaintiffs have not explained how any of the purported misrepresentations were false — for example, that Freedom actually did offer loss mitigation relief, for which they would have been eligible; how the processing and denial notices communicated something false, as Plaintiffs knew no application had been submitted; that Freedom somehow affirmatively led them to believe they could not appeal the denial; that Freedom had a duty to inform them of their appeal rights and did not; that Freedom affirmatively led them to believe that the amount owed was different than the true balance; or that Freedom had a duty to inform them of the balance due when posting the home for sale and did not.

Plaintiffs also have not articulated how they relied on any of these statements or how that reliance harmed them. Further, they do not allege that the purported misrepresentations caused the threatened foreclosure, but even if they had, foreclosure or threat of foreclosure do not constitute valid damages for Plaintiffs' fraud action. *See Madenwald v. JPMorgan Chase Bank, N.A.*, 2014 WL 12575848, at *9–10 (E.D. Tex.

MEMORANDUM OPINION AND ORDER – PAGE 7

2014) (collecting cases) (holding that the threat of foreclosure and alleged harm to credit reputation could not support a fraud claim relating to a construction loan because "[t]he economic loss rule generally precludes recovery in tort where a plaintiff's only injury is an economic loss to the subject of a contract").

The Court thus dismisses Plaintiffs' common law fraud claim for failure to plead facts supporting all required elements.

## CONCLUSION

Because the complaint lacks facts supporting key elements of each claim, Plaintiffs have failed to state a claim upon which relief can be granted. The Court thus dismisses the complaint without prejudice and grants leave to amend. Provided that they can do so in a manner consistent with this opinion, Plaintiffs may file an Amended Complaint within thirty (30) days of the date of this Order. If Plaintiffs do not amend, the Court will dismiss the case with prejudice without further notice.

Signed February 7, 2023.

_____
David C. Godbey
Chief United States District Judge